UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLENN E. CONROY, JR.,

      Plaintiff,

      v.                                           Case No. 25-cv-549-bhl

KENOSHA COUNTY JAIL SECURITY STAFF,

      Defendant.

---

## SCREENING ORDER

---

      Plaintiff Glenn E. Conroy, Jr., who is currently serving a state prison sentence at the Metropolitan Correctional Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Conroy's motion for leave to proceed without prepayment of the filing fee, motion to appoint counsel, and to screen the complaint. Dkt. Nos. 1, 2, & 7.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      Conroy requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Conroy filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and the Court waived the filing fee because he lacked the assets and means to pay. Dkt. Nos. 3, 8, & 9. The Court then gave Conroy the opportunity to voluntarily dismiss this case, by June 16, 2025, if he wanted to avoid the possibility of incurring a "strike" under 28 U.S.C. §1915(g). Dkt. No. 9. Conroy did not voluntarily dismiss this case.

Therefore, the Court will grant the motion for leave to proceed without prepayment of the filing fee and will screen the complaint below.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Conroy was a convicted prisoner at the Kenosha County Jail. Dkt. No. 1; *see also* WISCONSIN CIRCUIT COURT ACCESS, *available at* https://wcca.wicourts.gov (last visited July 11, 2025). Defendant is "Kenosha County Jail Security Staff." Dkt. No. 1 at 1. According to the complaint, on or around May 29, 2023, Conroy's medical restriction for an extra mattress expired and staff took away his extra mattress. *Id*. He wrote to "all supervisors of the jail" requesting the mattress back. *Id*. at 2. The request was denied for "security purposes." *Id*. Conroy then filed another medical restriction request explaining that his back, shoulders, hips, and ankles were in pain from lying on "pure concrete." *Id*. It's unclear what happened following Conroy's medical restriction request. *Id*. For relief, Conroy seeks monetary damages. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Because Conroy was a convicted prisoner at the alleged time, his claim arises under the Eighth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). To state an Eighth Amendment conditions-of-confinement claim, Conroy must allege: (1) conditions so adverse that it deprived him of "the minimal civilized measure of life's necessities;" and (2) that the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic

materials, and utilities." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Deliberate indifference means that the official "knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend*, 522 F.3d at 773. Allegations that an inmate's experience in prison is generally unpleasant does not state a claim. *See e.g. Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (noting that inmates are not entitled to the "amenities, conveniences, and services of a good hotel.") Instead, only "extreme deprivations" and "harsh" conditions violate the constitution. *Gray*, 826 F.3d at 1005. Temporary discomforts do not trigger the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The denial of an extra mattress for an unknown amount of time *after* a medical restriction has expired is not an "extreme deprivation" sufficient to trigger the Eighth Amendment. Even if Conroy's sleeping arrangement was less comfortable when he was no longer provided an extra mattress, Conroy is not entitled to be made comfortable to his personal satisfaction; he is an incarcerated person not a paying guest in an expensive hotel. *Harris*, 839 F.2d at 1235. Conroy does not identify any *other* circumstances that he experienced at the jail from which the Court can reasonably infer that he was denied "the minimal civilized measure of life's necessities." Therefore, Conroy fails to state a claim upon which relief can be granted and the Court will dismiss the original complaint.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, the Court will give Conroy an opportunity to file an amended complaint to cure the deficiency described above. Specifically, the amended complaint should explain (1) what circumstances he endured at the jail that amounted to a deprivation of the minimal civilized measure of life's necessities; (2) who was involved in the deprivation; and (3) what that individual(s) said or did to show deliberate indifference towards the deprivation. The

Court notes that the "Kenosha County Jail Security Staff"—the only named defendant—is not a proper defendant under §1983, and Conroy must identify specific individuals who were personally involved in the situation he complains about. *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015).

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Conroy to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Conroy is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Conroy files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Conroy does not file an amended complaint, the Court will dismiss this case.

### MOTION TO APPOINT COUNSEL

On May 12, 2025, Conroy filed a motion to appoint counsel. Dkt. No. 7. He states, "I'm indigent and I'm not good with the civil law so will you be able to assign me a civil lawyer that can assist me in this lawsuit!" *Id*.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d

667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Conroy must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id.* When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett,* 930 F.3d at 871.

6

The Court will deny the motion to appoint counsel because Conroy has failed to establish both prongs. Conroy has not established that he made reasonable attempts to recruit counsel on his own. And, because he has not yet stated a claim upon which relief can be granted, it is also far too early for the Court to determine whether the complexity of this case exceeds his ability to present it. All Conroy must do at this point in the litigation is file an amended complaint that tells the Court what happened to him at the Kenosha County Jail that he believes constituted "harsh" and "extreme" conditions. Conroy knows what happened to him at the jail, and he does not need the assistance of counsel to allege facts that are already within his knowledge. Because the Court does not believe that Conroy requires the assistance of counsel at this time, the Court will deny the motion to appoint counsel without prejudice. Conroy may refile the motion at a later time. In that motion, Conroy should make sure that he provides the information on the two prongs noted above.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Conroy's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Conroy's motion to appoint counsel (Dkt. No. 7) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Conroy may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Conroy files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Conroy does not file an amended complaint by the deadline, the Court will dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Conroy a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Conroy shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from Conroy's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Conroy is transferred to another institution, the transferring institution shall forward a copy of this Order along with Conroy remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Conroy is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Conroy is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on July 11, 2025.

                                                     s/ *Brett H. Ludwig*
                                                     BRETT H. LUDWIG
                                                     United States District Judge